# 14-1455-cv

## United States Court of Appeals

*for the*

## Second Circuit

EDWARD LILLY,

*Plaintiff-Appellant,*

– v. –

LEWISTON-PORTER CENTRAL SCHOOL DISTRICT, DAVID
SCHAUBERT, LOUIS PALMERI, ROBERT LAUB, JAMES MEZHIR,

*Defendants-Cross-Defendants-Appellees.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX
## FOR PLAINTIFF-APPELLANT

LAW OFFICE OF RICHARD H. WYSSLING, ESQ.
*Attorneys for Plaintiff-Appellant*
375 Linwood Avenue
Buffalo, New York 14209
(716) 882-2243

# TABLE OF CONTENTS

Table of Authorities........................................................................ii

Jurisdictional Statement.................................................................1

Statement of Issues Presented for  Review.....................................2

Statement of the Case.....................................................................3

Statement of the Facts....................................................................3

Summary of Argument....................................................................7

Argument - Point #1 - Did Plaintiff/Appellant, Lilly submit sufficient
competent evidence to conclude that Defendant/Appellee, Schaubert
and the School Board denied the Plaintiff due process and violated his
civil rights? And did the Court misinterpret Plaintiff/Appellant, Lilly's
theories and that the sole question was not whether or not Defendant,
Schaubert was successful in preventing the Plaintiff/Appellant from
having a fair hearing with malice and forethought?......................................8

Argument - Point #2 - Did the District Court misinterpret the Second
Circuit Court of Appeals Summary Order to conclude that the Defendant/
Appellee, the School Board and Defendant/Appellee, Schaubert's
activities were objectionally unreasonable, because of the new evidence
submitted by Plaintiff/Appellant, Lilly?......................................27

Argument - Point #3 - The Defendant/Appellee, Schaubert should not
be granted qualified immunity........................................................32

Conclusion.....................................................................................36

# TABLE OF AUTHORITIES

FEDERAL CASES                                                    PAGE

*Brander v. Town of Warren Town Board,* 2008 18 Misc. 3d 477,
847 N.Y. Sub. 2d 450...............................................................................34

*Central Hudson Gas & Electric Corp. v. Empresea Naveria Santa,
S.A.,* 56 Fed. 3rd 359, 368 (2d Circuit 1995)...........................................34

*Discovery Financial Services v. Vista USA, Inc.*, 598 Fed. Sup.2d
394, 397-398 (S.D.N.Y. 208)..................................................................34

*Gomez v. Toledo*, 446 U.S. 635, 640, 100 Sup. Ct. 1920 (1980)............10

*Parklane Hosiery Company v. Shore*, 438 U.S. 322, 326 (1979)...........34

*Port Jefferson Station Teacher's Association v. Brookhaven-
Comsewougue Union Free School District* (1978 45 N.Y.2d 898,
411 N.Y.2d 1)......................................................................................31

*Velez v. Levy, et al*, 41 Fed. 3rd 75, 84 (2d Cir. 2005)..........................10,21

## JURISDICTIONAL STATEMENT

Plaintiff/Appellant, Edward M. Lilly, filed a complaint on June 30, 2010 (A-13) seeking relief from Defendants' violation of his rights secured by the Civil Rights Acts of 1871, 42 U.S.C. Section 1983, Right to Procedural Due Process and Retaliation and the rights secured by the First Amendment of the Constitution of the United States. The Plaintiff/Appellant sought damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees and such other relief as the District Court deemed equitable and just.

Chief Judge William M. Skretny issued a Decision and Order on December 20, 2011 adopting in part and setting aside Magistrate Leslie Foshio's Report and Recommendation; granting in part and dismissing in part the School District's (Defendant/Appellee) Motion to Dismiss and granting Defendants Palmeri, Laub and Mezhir be dismissed from the case. (A-116)

The Defendants/Appellees filed a Motion for Summary Judgment on May 13, 2013. (A-149)

The United States District Court was the proper venue pursuant to 28 U.S.C. Sections 13 and 91(d) because all of the actions complained of took place in the Western District of New York.

The United States Court of Appeals for the Second Circuit is the appropriate Court of Appeals for the United States District Court for Western New York.

This appeal is from a final Decision and Order of the Honorable William M. Skretny of the District Court for the Western District of New York dated March 31, 2014 (SPA-1) granting Defendants/Appellees Motion.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Did Plaintiff/Appellant, Lilly submit sufficient competent evidence to conclude that Defendant/Appellee, Schaubert and the School Board denied the Plaintiff due process and violated his Civil Rights? And did the Court misinterpret Plaintiff/Appellant, Lilly's theories and that the sole question was not whether or not Defendant/Appellee, Schaubert was successful in preventing the Plaintiff/Appellant from taking the required training courses, but conspired to prevent the Plaintiff/Appellant from having a fair hearing with malice and forethought?

2.     Did the District Court misinterpret the Second Circuit Court of Appeals Summary Order in Stepien to conclude that the School Board and Defendant/Appellee, Schaubert's activities were objectively unreasonable, because of the new evidence submitted by Plaintiff/Appellant, Lilly?

3.     The Defendant/Appellee, Schaubert should not be granted qualified immunity.

4.    Did the Court misinterpret Plaintiff, Lilly's theories and that the sole question was not whether or not Defendant, Schaubert was successful in preventing the Plaintiff from taking the required training courses?

## STATEMENT OF THE CASE

This appeal is filed from the final Decision and Order of the Honorable Judge William M. Skretny who issued his Decision and Order on March 31, 2014 and Judgment entered on the same date by the Clerk of the Court. (SPA-1) That Decision and Order granted Defendants/Appellee's Motion for Summary Judgment and setting aside the Magistrate Judge's Report and Recommendations to the extent that failure to register for the training is necessarily "official misconduct".

## STATEMENT OF THE FACTS

During his twelve (12) years of School Board service and his nine (9) year on the Board of Cooperative Educations Services (BOCES) Board of Directors, Plaintiff/Appellant, Edward Lilly, was serious concerning his Board service and earned a reputation as a steadfast whistleblower by identifying overspending, waste and other abuses. (A-13 & 573) During the year 2007, Plaintiff/Appellant, Lilly, was particularly critical of the wasteful spending policies of Defendant/Appellee, President, David Schaubert and Vice President Louis Palmeri.  This considerable

acrimony came to a head on June 19, 2007, when without warning to the
Plaintiff/Appellant, Lilly, Defendant/Appellee, David Schaubert charged Plaintiff,
Lilly with "official misconduct."

On June 30, 2007 Plaintiff/Appellant, Edward Lilly was illegally removed
from his seat on the Lewiston-Porter Central School District Board of Education
for failing to complete required training without any vote taken by the School
Board at the open public session in violation of New York State Open Meetings
Law.  On appeal, the New York State Commissioner of Education found that
Plaintiff/Appellant, Lilly had been prematurely removed because he had until July
2, 2007, the date when his first year of his term as a School Board Member
expired, to complete the training.  The Commissioner then reinstated Plaintiff Lilly
to the Board of Education. (A-415) The New York State Commissioner of
Education in reviewing the actions of the various Board Members stated "I am
disturbed by the Board action in this matter, in charging and removing the
Petitioners prematurely, and in such a manner that outgoing members Schaubert
and Palmeri had the opportunity to oust Petitioners from the Board at the very end
of their own terms." (A-423) The Commissioner goes on to state that the answering
Respondents (which did not include Defendant/Appellee, Schaubert or Mr.
Palmeri) "were not the leading actors in these unfortunate events."

4

The thrust of the Commissioner's decision reiterates the fact that Defendant, Schaubert and Palmeri were not objectively reasonable in taking the illegal removal actions that they perpetrated prematurely and inappropriately. Defendant, Schaubert and Palmeri were not given Certificates of Good Faith by the Commissioner of Education. (A-423) The Plaintiff/Appellant stated in his brief to the District Court that the School Board Members were not acting in their official capacity and in a manner that was objectively reasonable.

Plaintiff/Appellant, Lilly timely filed a complaint on June 30, 2010 alleging that he was removed in violation of his civil rights and brought suit under 42 U.S.C. Section 1983 and that his right to procedural due process and First Amendment retaliation violations were based on Defendant, Schaubert's alleged conduct as confirmed by the various e-mails to and from Defendant/Appellee, Schaubert set forth below in procuring Plaintiff's removal from the School Board in 2007. Magistrate Judge Foschio's Report and Recommendations (Docket #19) (A-45) stated in its decision on page 8 "With respect to Plaintiff's claim under Section 1983, Judge Foschio first concluded the complaint adequately alleged Plaintiff was deprived of a constitutionally protected 'stigma plus' liberty interest when he was removed from the School Board." In addition Magistrate Judge Foschio determined that Plaintiff has stated a claim that the pre-deprivation process that he received "fell far short of what was constitutionally required." Judge

Foschio noted that the allegations state that Defendant, Schaubert, had interfered with Plaintiff's attempt to register for the required course before the deadline, "If true, this provides a strong potential evidence that adverse findings (at the June 30, 2007 hearing) was a foregone conclusion, negating any realistic potential that the Plaintiff would receive an impartial hearing...a basic requirement of procedural due process." (A-73) Foschio further stated that "Plaintiff's removal was a foregone conclusion." (emphasis added)

The Defendants/Appellees, Schaubert and the School Board (by respondent superior) engaged in such activities to violate the Plaintiff/Appellant, Lilly's procedural due process and First Amendment rights pursuant to 42 U.S.C. Section 1983. Furthermore, Defendant/Appellee, Schaubert understood that he had to appear to act in good faith or he would not be indemnified by the District and admitted that in a recorded conversation to Newspaper Reporter, Brian Garman. (audio recording) It is clear from the audio recording that Defendant/Appellee, Schaubert understood that no violation of the Education Law would occur until July 2nd and that the charges dated June 19, 2007 were premature and the hearing that was held on June 30, 2007 was premature. Based upon the audio recording, Defendant/Appellee, Schaubert admitted to taking these actions; so that, he would be able to remove Plaintiff/Appellant, Lilly prior to the new board taking their seats the next day. (July 1, 2007)(audio recording)

Affidavits of Dr. Godshall (BOCES Superintendent), Lenny Palumbo (Board Member during this time frame), Debbie Sherman (School Board Clerk), the audio recording of the interview of Defendant, Schaubert by Newspaper Reporter Garman and various emails were presented to the District Court and formed the basis of proving that the Plaintiff's rights were violated. It is clear that Defendant/Appellee, Schaubert subverted the process and denied Plaintiff/Appellant, Lilly his rights of due process and such action is against public policy and in violation of the law.

The Honorable William M. Skretny, Chief Judge of the U.S. District Court for the Western District of New York incorrectly determined that the basis of the Plaintiff/Appellant's complaint was based on an entrapment or interference theory and that the Plaintiff/Appellant did not show sufficient competent evidence to conclude that Plaintiff/Appellant Lilly's theories are supported by the evidence and therefore the Defendants/Appellees are entitled to qualified immunity and dismissed all of the claims in a Decision and Order dated March 31, 2014. (SPA-1)

## SUMMARY OF THE ARGUMENT

The Defendant/Appellee, David Schaubert, conspired with three (3) other School Board Members to remove Plaintiff/Appellant, Lilly before the hearing began. Through e-mails and letters the majority of the School Board led by

Defendant/Appellee, Schaubert determined that Plaintiff/Appellant, Lilly was guilty before any testimony was given at the removal hearing.  As a result, the Plaintiff/Appellant, Lilly was denied his constitutional rights to a fair hearing. Defendant/Appellee, Schaubert and a majority of the Board knew that the hearing was premature, but with malice and forethought, they proceeded to deny the Plaintiff/Appellant his rights.

### ARGUMENT: POINT #1

**DID PLAINTIFF/APPELLANT, LILLY SUBMIT SUFFICIENT COMPETENT EVIDENCE TO CONCLUDE THAT DEFENDANT/APPELLEE, SCHAUBERT AND THE SCHOOL BOARD DENIED THE PLAINTIFF DUE PROCESS AND VIOLATED HIS CIVIL RIGHTS?  AND DID THE COURT MISINTERPRET PLAINTIFF/APPELLANT, LILLY'S THEORIES AND THAT THE SOLE QUESTION WAS NOT WHETHER OR NOT DEFENDANT, SCHAUBERT WAS SUCCESSFUL IN PREVENTING THE PLAINTIFF/APPELLANT FROM HAVING A FAIR HEARING WITH MALICE AND FORETHOUGHT?**

The Defendants/Appellees in this case made a motion to dismiss this case (A-149) which was submitted to the Honorable Magistrate Judge Foschio and then was reviewed by the Honorable Judge William M. Skretny who adopted the Report and Recommendation of Judge Foschio in part and setting aside in part such Report and Recommendation. (A-116) This Court determined that the claims against Defendants/Appellees, Schaubert and the School District would continue under Section 1983 which allege that the Plaintiff's right to procedural due process and for first amendment retaliation based on Defendant/Appellee, Schaubert's

alleged conduct in procuring Plaintiff/Appellant's illegal removal from the School Board in 2007, but that all other claims were dismissed.

The District Court in commenting on Magistrate Judge Foschio's Recommendation (Doc #19) (A-45) stated in its decision on page 8 that "With respect to Plaintiff's claim under Section 1983, Judge Foschio first concluded the complaint adequately alleged Plaintiff was deprived of a constitutionally protected 'stigma-plus' liberty interest when he was removed from the School Board."  (R&R @ 21-27)(A-65-71)

Next, Judge Foschio determined the Plaintiff has stated a claim that the pre-deprivation process he received "fell far short of what was constitutionally required."  (R&R @ 28)(A-72)  Judge Foschio noted that the allegation Defendant, Schaubert had interfered with Plaintiff's attempt to register for the required training course before the deadline, "if true, provide strong potential evidence that adverse finding (at the June 30, 2007 hearing) was a foregone conclusion, negating any realistic potential that Plaintiff would receive an impartial hearing...a basic prerequisite of procedural due process."  (R&R @ 29)(A-73)

Judge Foschio further determined the reinstatement decision by the Commissioner of Education "did not specifically exonerate Plaintiff nor completely clear Plaintiff's reputation, such that the post deprivation relief Plaintiff received was not complete or effective."  (R&R @ 29)(A-73) Judge Foschio

concluded Plaintiff/Appellant had also adequately stated a claim for First Amendment retaliation, based on the allegations that the Defendants had ousted Plaintiff from his School Board seat and defamed Plaintiff in subsequent election campaigns because Plaintiff had often espoused positions opposing those of the Board Defendants.  (R&R @ 32-35)(A-76-79)

The District Court determined in its Order and Decision (Doc #33)(A-127) with respect to the Motion to Dismiss that "To prevail on a claim under Section 1983 a Plaintiff must allege (1) that some person has deprived him of a federal right and (2) that the person who has deprived him of that right acted under the color of state...law"  (page 12 citing *Velez v. Levy*, et al 41 Fed. 3rd 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo,* 446 U.S. 635, 640, 100 Sup. Ct. 1920, (1980)

During the hearing, Plaintiff/Appellant, Lilly called all four (4) Board Members, who illegally removed the Plaintiff/Appellant; Louis Palmeri stated "no comment" to most of the Plaintiff's questions and to all the significant questions. Louis Palmeri pleaded the Fifth Amendment (which is not applicable in civil matters) and the other three (3) Board Members gave partial or incomplete answers. This was an attempt on the part of the Board Members not to allow the Plaintiff/Appellant to have full and complete access to information and deny him the right to a fair hearing.

Although the Plaintiff/Appellant, Lilly does not know what "Plan A" was to remove him, Defendant/Appellee, Schaubert began attempts to remove Plaintiff/Appellant, Lilly for poll book violations in March, 2007. In April, 2007 Board Member elect Gentile filed a complaint with the Commissioner of Education to remove Plaintiff/Appellant, Lilly based upon his engaging of a willful violation of Educational Law by his reviewing the School District's poll books and using them for an improper purpose. Mr. Gentile was politically an ally of Defendant/Appellee, Schaubert. The Commissioner of Education did not make a decision by June 2007; therefore, Defendant/Appellee, Schaubert and the majority of the Board decided to institute "Plan B". (See Ms. Sherman's Affidavit A-582) On April 25, 2008, the Commissioner of Education dismissed the complaint filed by Gentile against Plaintiff/Appellant, Lilly. (Comm. Decision #15, 747)

In light of the documentation (e-mails and letters) submitted to the District Court and pursuant to the Affidavits of Ms. Sherman and others, the Board instituted "Plan B" (A-514-532 & 535-588) in a last minute attempt to remove Plaintiff/Appellant, Lilly before Defendant/Appellee, Schaubert's term on the Board expired. The majority of the Board led by Defendant/Appellee, Schaubert decided that Plaintiff/Appellant, Lilly would be removed from the Board on June 30th regardless of what evidence was presented at the hearing. Furthermore, the billing records of Hodgson Russ (A-533) show that Defendant/Appellee, Schaubert,

Superintendent, Rappold and Karl Kristoff, Esq. were discussing Board Member training and Lilly's non-existent conflict of interest in March, 2007; three (3) months before the Plaintiff's removal from the Board and that the leader of this illegal removal conspiracy (Plan B) was Defendant Schaubert.   (Plaintiff's Aff. ¶ 13, Exhibit T)(A-573)

The Plaintiff has clearly proven that he was deprived of procedural due process and First Amendment retaliation rights because of Defendant/Appellee, Schaubert's conduct and that at least some of those actions were when he was a member of the Board for the Defendant/Appellee School District.

The District Court Decision (A-116) as well as the Report and Recommendations of Magistrate Judge Foschio concluded that "the Plaintiff was subject to a 'stigma-plus' liberty interest deprivation when he was found guilty of official misconduct and ousted from office.  With respect to Defendant, Schaubert, it is clear that the Plaintiff will be able to prove that the Defendant, Schaubert, personally interfered with Plaintiff's attempt to register for required training before the deadline, therefore entrapping Plaintiff into violating the training requirement and if true, then the misconduct charges brought by Defendant, Schaubert against Plaintiff were, from the beginning, unnecessary, trumped up and tainted."  (Order and Decision Doc. #33, p. 13)(A-128)

The Plaintiff/Appellant alleged in his complaint, paragraph 52 (A-21) that Defendant/Appellee, Schaubert brought the misconduct charges prematurely (i.e. before the end of the Plaintiff/Appellant's first year in office); so that, the Plaintiff/Appellant would be removed from office before Defendant/Appellee, Schaubert's own term in office expired on June 30, 2007.  The Defendant/Appellee, Schaubert admitted that this was his reasoning in an interview with newspaper reporter Brian Garman on July 5, 2007. (Audio recording was provided to Defendant/Appellee's attorneys in discovery and was provided to the District Court and this Court by mail)

Newspaper Reporter, Brian Garman had a telephone conversation with Defendant/Appellee, David Schaubert on July 5, 2007.  In that conversation Defendant/Appellee, Schaubert admitted that he was the one who directed Mr. Kahn (District's Attorney) to draft  the charges against Plaintiff/Appellant, Lilly. In addition Defendant/Appellee, Schaubert stated that he initiated the complaint against Plaintiff/Appellant, Lilly and Stepien alone without input from other Board Members.  Furthermore, Defendant/Appellee, Schaubert stated that "he is not one who waits" and falsely claimed that "Lilly refused to take the course." Furthermore Defendant/Appellee, Schaubert stated that there were no sanctions in the law for not taking the course. One of the most important statements that Defendant/Appellee, Schaubert said in response to the question of Newspaper

Reporter, Brian Garman that "Why not wait for the next Board? Schaubert stated "I'm not on the Board." (sic - anymore) (audio recording)

NYSSBA offered a number of on-line training courses available starting June 1, 2007. The notice provides more than one (1) session and each class within each session will have a maximum of twenty (20) people per class. No maximum number of classes were listed in the announcement. This was a NYSSBA course and simply used the Hudson-Valley Community College's on-line computers. NYSSBA made the procedural rules and could modify them for good cause. (A-574) Dr. Godshall told the Plaintiff/Appellant that Mr. Kremer (Representative of NYSSBA) stated that he responded to Dr. Godshall's request to allow the Plaintiff and Mr. Stepien into on-line courses held at Hudson-Valley Community College that "I'm not letting them into the course." (Plaintiff's Aff. ¶ 2, Exh. T) (A-574) Dr. Godshall told the Plaintiff/Appellant that NYSSBA has allowed School Board Members to enroll in on-line courses for FORT after the closing date. (Plaintiff's Aff. ¶ 3, Exh. T)(A-574) Furthermore, the notice states that "The first course dates are noted below (six (6) weeks are allowed to complete the course) - 1. June 1st-July 13th, 2007, 2. June 15th-July 27, 2007, 3. June 29th-August 10, 2007)." (A-574) Also the Defendants produced no evidence that the classes or sessions were filled up before June 30, 2007.

14

It is clear that Plaintiff/Appellant, Lilly did not refuse to take the course because at the time of the June 30, 2007 hearing he was signed up and made arrangements to take the course in July, 2007 which was offered by BOCES and was not under the control of NYSSBA.  (Confirmed by Commissioner's Decision)(A-415) Furthermore, Defendant/Appellee, Schaubert understood that he had to appear to act in good faith or he would not be indemnified by the District and that statement is also set forth in the conversation with Newspaper Reporter, Brian Garman.(audio recording)  It is clear from the above that Defendant/Appellee, Schaubert understood that the no violation would occur until after June 30th and that the charges dated June 20th were premature and that he wanted to be able to vote Plaintiff/Appellee, Lilly and Mr. Stepien off the Board because Defendant/Appellee, Schaubert knew that he and his Board would vote to remove the Plaintiff and Mr. Stepien, but was concerned that the new Board (after he and Palmieri left) would not vote to remove Plaintiff/Appellant, Lilly (see Fox e-mails below).

In Dr. Godshall's new Affidavit of July 24, 2013 (A-579) it states in paragraph 5 of his Affidavit that "June 2007, I contacted Mr. Timothy Kremer (Kremer), Executive Director of the New York State School Board Association (NYSSBA).  I made the request to enroll Lilly and Scott Stepien (Stepien), another School Board Member, in the required financial training course offered by

NYSSBA..."  Furthermore, in paragraph 7 Dr. Godshall states "On or about June 25, 2007, I assisted Lilly and Stepien to enroll in a class."  (A-579) Due to Dr. Godshall's efforts the Plaintiff and Stepien were enrolled in a course sponsored by the Allegany-Cattaraugus School Association and completed such course on or about July 28, 2007.  That enrollment in the course was not controlled by NYSSBA nor Defendant/Appellee, Schaubert.  Furthermore, based upon information and belief, Defendant/Appellee, Schaubert and Kremer did not contact Allegany-Cattaraugus School Board Association who controlled the course and therefore the Plaintiff and Stepien were able to complete the course.  (Plaintiff's Aff. ¶ 4, Exh. T)(A-574)

In the Affidavit of Lenny Palumbo (Exhibit W)(A-586), Mr. Palumbo who was a member of the Lewiston-Porter School Board at the time of the Plaintiff/Appellant's removal states in paragraph 2 "That prior to June 19, 2007, I received a phone call from Schaubert.  In that telephone call Schaubert told me that the four of us (Schaubert, Palmeri, Laub and Mezhir) are going to remove Lilly from the Board." (A-587) Also in paragraph 4 he states "That based upon information and belief, Schaubert expected me to go along with the plan.  I told him (Schaubert) that I thought it was a bad idea and that I did not want any involvement.  Schaubert did not need my vote, as he already had four and he did not contact me again." (A-587-588) Furthermore in paragraph 5 he states "That I

purposely did not attend the regular board meeting on June 19, 2009, as I was told by Schaubert, that Lilly was going to be charged with official misconduct." (A-588) In paragraph 6 Mr. Palumbo states "That I purposely did not attend the removal hearing that was held on June 30, 2007, as I was told by Schaubert that Lilly was going to be voted off the School Board." (A-588) This Affidavit by Mr. Palumbo clearly spells out the fact that Mr. Schaubert and the other three Board Members had decided on a plan to vote out the Plaintiff/Appellant, Lilly and Stepien prior to  June 30, 2007, regardless of what evidence was presented at that hearing.

Defendant/Appellee, Schaubert's state of mind prior to the June 30th hearing is also confirmed by a number of e-mails that were sent to and from Defendant/Appellee, Schaubert.  In an Exhibit dated June 9th and June 11, 2007, (A-529) Defendant/Appellee, Schaubert inquires to Mr. Fox whether or not Mr. Stepien or Plaintiff/Appellant, Lilly attended the training course that Mr. Fox attended.  Mr. Fox was the new Board Member that would take over on July 1, 2007.  In one of those e-mails Defendant/Appellee, Schaubert talks about that fact "It appears plan B is a go unless there are second thoughts." (A-517) Further on June 11th (nineteen days prior to the hearing) there is a letter from the current Board Member Mr. Laub to Defendant/Appellee, Schaubert that states "Unless you or our attorneys can think of a solid reason not to move ahead with plan B or come

up with some other alternative, I don't believe we have a choice in this matter.  It is not a pleasant move, and one I really had hoped wouldn't be necessary; but the law is the law.  Jim Mezhir will be at the strategic planning with us on Wednesday, so if you wish, and feel it is appropriate...we can find a quiet place to discuss the issue further.  I am still interested in the details and any contingency plans to possible reactions by our friends and their supporters.  Also we may want to discuss the scope limitations and tone of our public comments." (A-516)

Defendant/Appellee, Schaubert on June 11, 2007 sent an e-mail to Board Member Mezhir that "It appears plan B is a go unless there second thoughts.  Please consider the possible long term effects on the district carefully." (A-515)  There are important questions as to what was plan A and plan B from these e-mails in bringing the charges and hearing before the Board, prior to Defendant/Appellee, Schaubert leaving the Board on June 30th.

In a series of e-mails between Defendant/Appellee, Schaubert, Debbie Sherman, the Clerk of the Board and Mr. Fox that issue is clarified.  An e-mail from Defendant/Appellee, Schaubert entitled "Plan B" dated June 12, 2007 to Debbie Sherman "Don't put it in the package.  The FORT training info is for Mr. Kahn, use as exhibit for the hearing officer.  It will probably have to go directly to him (chain of evidence) but I won't know until after I get with him today.  Things will start to happen rapidly now so I was just giving you a heads up to be ready."

(A-520) Ms. Sherman responds "I'll tell no one - haven't and won't."  (A-520)

Debra Sherman states in her Affidavit paragraph 5 (A-583) "That the plan to

remove Lilly and Scott Stepien was known as 'Plan B'".  Furthermore she states in

paragraph 4 "That June 12, 2007, I was directed by David Schaubert (then

President of the Board), to keep 'Plan B' confidential until June 19th." (A-583)

Defendant/Appellee, Schaubert sent an e-mail to Mr. Fox on June 20, 2007

even though he is not a Board Member at that time and stated that "Unless he can

produce a training certificate, it is dead bang.  It will probably be the shortest

hearing in New York Educational history.  The effect is immediate and he must

appeal to get reinstated by the Commissioner of Education.  It appears he thinks

this is a filing to the Commissioner against him (like Gentile did)(sic - Plan A), but

this is from a different part of the law...the basic issue is his <u>arrogance</u> (emphasis

added) he also has the same attitude toward all board training and gatherings."  (A-

522) Mr. Fox responds by saying "I will be very interested in the outcome.  Will

this remove him at once, or if he appeals, can he sit on the Board until the appeal

process." (A-530)

Clearly during all of these particular e-mails the parties are talking about

Plaintiff/Appellant, Lilly specifically and not necessarily Mr. Stepien.  On June 22,

2007 Debbie Sherman, the District Clerk sent an e-mail to Defendant/Appellee,

Schaubert and stated that "...if their removed June 30th there - that means by May a

year won't have passed...so they won't be able to run again until May, 2008." (A-524) Ms. Sherman on June 22, 2007 informs Plaintiff/Appellant, Lilly and Mr. Stepien that there is an online training beginning on June 29th and running through August 10th but that the deadline for the registration was May 31st. (A-526) In that same sequence of e-mails on June 22nd, Debbie Sherman signed the Plaintiff/Appellant, Lilly and Mr. Stepien up for the training course and it is acknowledged by Plaintiff/Appellant, Lilly on the same day. (A-526)

In a series of e-mails to and from Defendant/Appellee, Schaubert and Keith Fox beginning on June 27th and ending on June 28th Mr. Fox tells Defendant/Appellee, Schaubert that "I would be happy to have Ed off the Board, still he would likely join Mr. Ward as a pain - however, <u>I believe he should have been sent this stuff before the last fort training</u>. (emphasis added) Had that happened and he refused to go - fine - slam - dunk." (A-531) Also Mr. Fox states <u>"What has been going on is more like entrapment then due process</u>. (emphasis added) Sorry Dave, I disagree with you on this." (A-531) From this e-mail it is clear that the new Board Member, Mr. Fox, believes that Defendant/Appellee, Schaubert is entrapping the Plaintiff/Appellant, Lilly into not taking the course and not formally informing him that the last FORT course to be offered before June 30th is the one in June. Mr. Fox is basically telling Defendant/Appellee, Schaubert that he would not vote for the removal of Mr. Lilly if he was currently on the

Board even though he would be happy to have Plaintiff/Appellant, Lilly off the

Board.  This clearly shows an animus and bias of Defendant/Appellee, Schaubert.

Defendant/Appellee, Schaubert in that same document tells Mr. Fox that "If they

are removed they are off the Board immediately...and replacements cannot be

made until after appeals are completed..." (A-532) Furthermore

Defendant/Appellee, Schaubert states "It takes four to tango", (A-531) clearly

referring to the fact that he has the four (4) votes on the Board to remove

Plaintiff/Appellant, Lilly.

        The District Court further concluded that the allegations against the

Defendant, Schaubert were similar to those in *Velez v.  Levy*, 401 Fed. 3d 75 (2d

Cir. 2005). The details of the Velez case were set forth in the District Court's

Decision of December 20, 2011 in determining whether or not the motion for

dismissal should be granted on pages 14-15, Document 33. (A-129-130) The

Defendants/Appellees do not disagree that Plaintiff/Appellant, Lilly had opposing

political views to Defendant/Appellee, Schaubert and at trial the Plaintiff will

establish that the difference in political views and his animus was the basis for

Defendant/Appellee, Schaubert's illegal actions.  Defendant/Appellee, Schaubert

brought the charges of misconduct against Plaintiff/Appellant, Lilly, knowing full

well that they were premature and that they would not be ultimately upheld.

The Defendant/Appellee, Schaubert acted under colorable state action as a member and President of the Lewiston-Porter School Board, when he brought the charges against Plaintiff/Appellant, Lilly; ultimately Plaintiff/Appellant, Lilly was found in violation of the rule and dismissed from the School Board by the School Board on June 30, 2007.

After Plaintiff/Appellant, Lilly and Board Member Scott A. Stepien were illegally removed from the Board on June 30, 2007, both immediately appealed to the New York State Education Department before its Commissioner.  The Commissioner made a determination on Decision No. 15732 dated March 25, 2008 (A-246) in which the Commissioner determined: "Matters came to a head on June 19, 2007, when, apparently without warning, Board President Schaubert served Petitioners with charges of 'official misconduct' and for having 'willfully or by neglect failed to complete the minimum approved training on the financial oversight, accountability and fiduciary responsibilities of a School Board Member as mandated by NYS Education Law Section 2102-a and Board Policy 2331... The Petitioners then immediately attempted to register for the required training.  On June 20, 2007 Board President Schaubert sent an e-mail to the District Superintendent of the Erie 2-Chautauqua-Cattaraugus BOCES (actually Orleans-Niagara BOCES) in which he wrote: As for the charges against Mr. Lilly and Mr. Stepien that were voted on last night, I know Lilly is tight with BOCES but all I

can ask is 'don't do them any favors'.  Petitioners reasonably interpreted that e-mail as asking that nothing be done to assist Petitioners in enrolling in a class to satisfy the requirements of Education Law 2102-a.  By June 25, 2007, Petitioners had successfully registered for a training program to be conducted at the Cattaraugus-Allegany-Erie-Wyoming BOCES on July 28, 2007."  (A-248)

The Commissioner in a sarcastic manner stated that the "Board President Schaubert handed the Hearing Officer the Board's finding and decision as to Petitioners Lilly and Stepien.  By the familiar margin of 4-2, the Board voted to remove Lilly and Stepien from the Board." (A-248) Further on page 3 the Commissioner states "Petitioners contend that the charges brought against them on June 19, 2007, and the hearing held on June 30, 2007, were both premature and not ripe for determination, because their first year as Board Members had not yet expired.  They allege the Board's action was taken in bad faith, and that, the Board's majority and the Board attorney Kahn failed to advise them of the necessity of the training and entrapped them.  They allege the Board's actions as based on bias, prejudice, and retaliation, both for the acrimonious year that preceded them and because of Lilly's petition to remove Schaubert and Palmeri.  They further contend that Schaubert's e-mail on June 20, 2007 was an attempt to keep them from enrolling in the required training course.  They further claim that Education Law 2102-a provides no sanctions for failure to comply, and that their

non-willful failure to comply does not amount to 'official misconduct' as provided by the Education Law Section 1709(18).  They also claim that even if the charges and hearing was otherwise considered legitimate, the sanction of removal imposed upon them was disproportionate to the offense they alleged to have committed." Pages 3 and 4.  (A-248-249)

On page 6 the Commissioner concludes "I therefore conclude that Petitioners had until the next business day, Monday, July 2, 2007, to complete the required training."  (A-251) The Commissioner goes on to state on page 6 "The appeals must therefore be sustained on the ground of prematurity, because both the charges and determination occurred prior to the expiration of the time within the Petitioners had to complete the required training.  It is a fundamental principal of law that a legal proceeding, whether civil, criminal or administrative cannot be commenced or prosecuted until some act of failure to act has actually occurred...here a proceeding to expel Petitioners from the Board was not only commenced before their time to comply expired on Monday, July 2, 2007, but was also fully adjudicated before that date, further compounding the error."  (A-251)

On page 7 the Commissioner states "I note, however, that as soon as Petitioners were charged with the failure to take the training, they made every effort to take the course as soon as possible, and completed it within twenty-eight (28) days of the end of the first year of their term.  However, because the Board

24

made the fatal error of charging and adjudicating conduct before the conduct or omission actually occurred, I must sustain the appeals and reinstate the Petitioners to the Board." (A-252)

One of the most important portions in the decision of the Commissioner is included on pages 7 and 8 when the Commissioner states: "Finally, the answering Respondents request a certificate of good faith pursuant to Education Law Section 3811(1). Generally it is appropriate to issue such a certificate unless it is established on the record that the requesting Respondent acted in bad faith...I am disturbed by the Board's action in this matter, in charging and removing Petitioners prematurely, and in such manner that outgoing Board Members Schaubert and Palmeri had the opportunity to oust Petitioners from the Board at the very end of their own terms. However I conclude from the transcript of the hearing that the answering Respondents were not the leading actors in these unfortunate events. Subsequently I hereby certify, solely for the purpose of Education Law Section 3811, that such Respondents appear to have acted in good faith." (A-252-253)

The only answering Respondents were Robert Laub and James Mezhir. It is clear that Mr. Schaubert, the Defendant/Appellee in this case was not given a certificate of good faith (Commissioner's Decision)(A-254) The decision of the Commissioner stands for the fact that Defendant/Appellee, Schaubert did not act in good faith and was bias in bringing the charges.

25

Defendant/Appellee, Schaubert admitted that he had consulted with attorneys Kahn and Kristoff but did not specifically say in his comments to Newspaper Reporter, Brian Garman, which if any of those or other attorneys, actually told him that it was legal to proceed prior to July 2nd to file the charges and ultimately hold a hearing before the Board against the Plaintiff/Appellant, Lilly.  Billing records of Mr. Kristoff show that discussions with Defendant/Appellee, Schaubert, started on March 8, 2007 (A-608)

The Commissioner clearly addressed the issue of Schaubert sending the e-mail to the Superintendent of BOCES, Clark Godshall (A-248) in which to influence the Superintendent of BOCES not to interfere and to not provide any assistance in allowing Mr. Stepien and Plaintiff/Appellant, Lilly to take the required courses.  This action as well as the timing of the bringing of the charges and hearing clearly show that the Defendant/Appellee, Schaubert acted to entrap the Plaintiff/Appellant, Lilly to be in technical violation of the Education Law. The Commissioner of Education determined that Plaintiff/Appellant, Lilly was never in violation of any rule, regulation or law. The Commissioner utilized this argument in determining that Mr. Palmeri and Defendant/Appellee, Schaubert should not get a certificate of good faith with respect to their actions.  Now this Court is asked to utilize the same thinking process and application of law to conclude that Defendant/Appellee, Schaubert and the Defendant/Appellee, Board

of Education acted in bad faith and exercised bias which resulted in violation of the

Plaintiff's constitutional rights for procedural due process.


### ARGUMENT: POINT #2

**DID THE DISTRICT COURT MISINTERPRET THE SECOND CIRCUIT
COURT OF APPEALS SUMMARY ORDER TO CONCLUDE THAT THE
DEFENDANT/APPELLEE, THE SCHOOL BOARD AND
DEFENDANT/APPELLEE, SCHAUBERT'S ACTIVITIES WERE
OBJECTIONALLY UNREASONABLE, BECAUSE OF THE NEW
EVIDENCE SUBMITTED BY PLAINTIFF/APPELLANT, LILLY?**

In his Objections to the Report and Recommendation of Magistrate Judge

Leslie G. Foschio, (A-45) the Plaintiff/Appellant, Lilly believes that his complaint

differ in many ways including the theories of each case.  In the Stepien Complaint

the theory was that he was aggrieved because the hearing was illegally impaneled

and that there was a conspiracy to conduct the hearing.  The Plaintiff/Appellant,

Lilly Complaint does not argue any illegality of bringing the charges, having a fair

hearing nor that the hearing was illegally impaneled.  The main argument in the

Plaintiff/Appellant, Lilly Complaint was that the Board of Education acted in an

administrative role and not in a legislative role, because the Board did not vote in

its public session to remove Plaintiff/Appellant, Lilly from the Board of Education,

Defendant/Appellee, Schaubert acted in bad faith in bringing the charges and knew

that the hearing was premature.

The actual differences in the complaint (A-13-28) are as follows:

27

1.      That the Defendant/Appellee, Lewiston-Porter School District was not a Defendant in Stepien's Complaint but is listed as a Defendant and spelled out in detail in paragraph 11 of the Lilly Complaint.

2.      That paragraph 12 of the Plaintiff/Appellant, Lilly Complaint argues that this is an administrative action by the Board and not Legislative because of the fact that a vote was not taken in public session and therefore the Board of Education and its members did not protect themselves under the concept of immunity as legislative or quasi judicial activity.

3.      That paragraph 15 and 16 of the Plaintiff/Appellant, Lilly Complaint states that Defendant/Appellee, Schaubert interfered with and prevented Plaintiff/Appellant from taking an on-line course which resulted in Mr. Lilly not being able to take the course until the end of July of 2007.

4.      That paragraph 18 of the Plaintiff/Appellant, Lilly Complaint sets forth additional conduct by Defendant/Appellee, Schaubert in that he e-mailed to Dr. Godshall, the Superintendent of BOCES, to interfere with any help that Godshall may give in facilitating the Plaintiff/Appellant to complete an on-line training course prior to the hearing.

5.      That paragraph 19 of the Plaintiff/Appellant, Lilly Complaint discusses Dr. Godshall's actions after he received the e-mail interference by Defendant/Appellee, Schaubert.

6.    That paragraph 20 of the Plaintiff/Appellant, Lilly Complaint sets forth the actions by Defendant/Appellee, Schaubert in interfering with Mr. Kremer from the New York State School Board Association in not allowing the Plaintiff/Appellant to be admitted into an on-line course prior to the hearing date.

7.    That paragraph 21 of the Plaintiff/Appellant, Lilly Complaint sets forth the fact that Dr. Godshall registered the Plaintiff/Appellant for a sit down course, not an on-line course, and not at the New York State School Board Association but with the Allegany-Cattaraugus Association of School Boards, because of Defendant/Appellee, Schaubert's interference.

8.    That paragraph 25 of the Plaintiff/Appellant, Lilly Complaint sets forth the fact that there was a straw poll taken in Executive Session and that there were signed statements made in Executive Session but there was no public vote taken.

9.    That paragraph 26 and 28 of the Plaintiff/Appellant, Lilly Complaint sets forth that there were signed statements to remove the Plaintiff/Appellant and Mr. Stepien but they were never publicly ratified by the Defendant/Appellee, Board of Education.

10.    That paragraph 29 of the Plaintiff/Appellant, Lilly Complaint stated that at the close of the hearing there was a reading of the Hearing Officer's

Findings, but there was no public vote by the School Board to ratify or approve the Hearing Officer's Finding and Report.

11.    That paragraph 30 of the Plaintiff/Appellant, Lilly Complaint states that they were in violation of the Public Officer's Law Section 103 regarding open meetings, rules and regulations.

12.    That paragraph 51 of the Plaintiff/Appellant, Lilly Complaint states that the Defendants/Appellees knew of the Plaintiff/Appellant's registration for the course in July of 2007 prior to the June 30, 2007 hearing.

13.    That paragraph 52 of the Plaintiff/Appellant, Lilly Complaint shows that Defendant/Appellee, Schaubert and Mr. Palmeri were on their last day of service on the Board and if the action to remove the Plaintiff/Appellant and Mr. Stepien from the Board of Education was delayed to a correct date as set forth in the Commissioner of Education's Decision to be July 2, 2007; Palmeri and Defendant/Appellee, Schaubert would not have been able to vote to remove the Plaintiff/Appellant and Mr. Stepien from the Board.

14.    That paragraphs 55, 56, 58 and 59 of the Plaintiff/Appellant, Lilly Complaint sets forth the post-termination events that occurred by various Board Members.

15.    Paragraph 63 of the Plaintiff/Appellant, Lilly Complaint sets forth the fact that these actions were administrative and not legislative and therefore are not entitled to immunity.

Section 1709, Subsection 18 of the Education Law provides that "The said Board of Education of every union free school district shall have power, and it shall be its duty:... to remove any member of its board for official misconduct.  But a written copy of all charges made of such misconduct shall be served upon him at least ten (10) days before the time appointed for the hearing of the same; and he shall be allowed a full and fair opportunity to refute such charges before removal." That duty of removal cannot be delegated to a Hearing Officer or anyone else. That concept is set forth in the *Port Jefferson Station Teacher's Association v. Brookhaven-Comsewogue Union Free School District* (1978 45 N.Y.2d 898, 411 N.Y.2d 1) that some duties and responsibilities are so important that a School District would not be permitted to delegate them or to bargain them away; and as to such matters arbitrators may not alter responsibilities vested by law and Board of Education; arbitration of such matters is forbidden because public interest is involved and because statutes require decisions to be made by educational authorities.  In this particular case the Board had to make the decision with respect to the removal of one of its Board Members and could not defer that authority to the Hearing Officer.  The Hearing Officer was to conduct a fair hearing pursuant to

the Education Law which he did.  The failure was on the part of the Board of

Education in not voting in public session to terminate its members or to take any

other action in public session.

In the Undisputed Facts the parties agree that there was a partial transcript of

the proceedings to remove the Plaintiff/Appellant and Stepien on June 30, 2007.  In

the Plaintiff/Appellant's Affidavit paragraph 6, Exhibit T (A-573) the

Plaintiff/Appellant states that although there is a partial transcript that transcript

does not substantiate that a vote was taken during the public or executive session

by the School Board.

Furthermore in the District Court's Decision (Doc. #33)(A-116), the Court

determined that the <u>Stepien</u> case was issued as a summary order and does not carry

precedential effect, 2d Cir. Ct. 32.1.1.


## POINT #3 - THE DEFENDANT/APPELLEE, SCHAUBERT SHOULD NOT BE GRANTED QUALIFIED IMMUNITY

The Defendants/Appellees in their motion for summary judgment state that

the Defendants/Appellees should be granted qualified immunity with respect to the

due process and First Amendment retaliation claims.  It is clear from the Second

Circuit's Decision in Stepien and was included in the District Court's determination

that "...the question of whether Defendants Palmeri, Laub and Mezhir should be

entitled to qualified immunity on the due process and First Amendment retaliation

claims.  The Second Circuit evaluated the same proceeding Plaintiff challenges here, and concluded Defendants were entitled to qualified immunity because they did not act in an objectively unreasonable manner as to Stepien."  (424 Fed. Appx. 48); Doc. #33, p. 18. (A-116) The District Court determined that Palmeri, Laub and Mezhir should be granted qualified immunity.  They did not grant qualified immunity to Defendant/Appellee, Schaubert nor the Defendant/Appellee, School District. (A-116)  Therefore any status that was given with respect to the other former Defendants with respect to them acting with qualified immunity should not apply to Defendant/Appellee, Schaubert and the Defendant/Appellee, School District.

The issue of whether or not the other Defendants should have immunity is also addressed with the New York State Open Meetings Law Public Officers Law Section 103 and 105.  Pursuant to Section 103 all matters should be voted upon in public but that under Section 105 there can be executive sessions for certain specific matters.  Listed in those is Subsection D "Discussions regarding proposed, pending or current litigation; which would apply to this particular case.  That Section 105 only talks about discussions and does not talk about votes therefore the normal process of the performance of public business in an open and public manner with the public able to attend and listen to the deliberations and decisions

that go into the making of public policy. *Brander v. Town of Warren Town Board*, 2008 18 Misc. 3d 477, 847 N.Y.Sub. 2d 450.

The Defendants/Appellees in this action asked the District Court to invoke the doctrines of Collateral Estoppel and Stare Decisis. In support of applying the doctrine of collateral estoppel the Defendants/Appellees refer the Court to the case of *Discovery Financial Services vs. Vista USA, Inc.*, 598 Fed.Sup.2d 394, 397-398 (S.D.N.Y.208) "Under the doctrine of non-mutual offensive collateral estoppel, 'a litigant who is not a party to a prior judgment may nevertheless use that judgment 'offensively' to prevent a defendant from re-litigating issues resolved in the earlier proceedings' *Parklane Hosiery Company vs. Shore*, 438 U.S.322, 326 (1979). 'Four elements must be met for collateral estoppel to apply: (1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceedings, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceedings, and (4) the issues were necessary to support a valid and final judgment on the merits." *Central Hudson Gas & Electric Corp. vs. Empresea Naviera Santa* S.A., 56 Fed.3rd 359, 368 (2d Circuit 1995).

In the case before you, the issues in the Stepien and Plaintiff/Appellant, Lilly matters are not the same. The Stepien case was based on a illegally impaneled hearing and a conspiracy to conduct the hearing. This is not the issue nor the basis

of the Plaintiff/Appellant, Lilly Complaint.    The Plaintiff/Appellant, Lilly Complaint does not argue on illegality of bringing the charges, having a fair hearing nor that the hearing was illegally impaneled.    The main argument in the Plaintiff/Appellant, Lilly Complaint is that the Board of Education acted in an administrative role and not in a legislative role, because the Board did not vote in public session to illegally remove the Plaintiff/Appellant from the Board of Education.    Furthermore the President of the Board interfered with the ability of Plaintiff/Appellant, Lilly to take the required course on-line, denied procedural due process the Plaintiff/Appellant, Lilly and there were additional factors of animus after the Board meeting taken by individual Board Members against the Plaintiff/Appellant Lilly.

Therefore the second leg of the collateral estoppel is that the relevant issues were not litigated and decided in the prior proceedings partially because the Court in the Stepien matter was not confronted with the alleged interference with the ability of Lilly to take the on-line courses and the fact that the Board did not vote in public session on the removal of Lilly nor Stepien.    Therefore the concept of collateral estoppel does not apply.

The doctrine of staris decisis as set forth in Black's Law Dictionary states that "When Court has once laid down a principal of law as applicable to a certain state of facts, it will adhere to that principal, and apply it to all future cases, where

facts are substantially the same". In this particular case, the facts are not substantially the same and that the Plaintiff issues were not litigated in the Stepien matter and therefore the concept of staris decisis should not apply in this case.

For the above reasons, this Court should not apply the former Summary Order in this case, by adopting the same conclusions that were adopted by this Court in the Stepien matter. (A-385) This Court should adopt the concept as set forth in that decision that there has not been a determination made on absolute immunity as applies to the School District and that the qualified immunity should not apply to this case because the Defendants/Appellees acted objectively unreasonable in their activities and outside of their scope of authority; because of the interference by the President of the School Board to prevent Plaintiff/Appellant, Lilly from taking the courses on-line, Defendants/Appellees did not act reasonably by removing Plaintiff/Appellant, Lilly from the Board by deciding prior to the hearing that Plaintiff/Appellant, Lilly was guilty of misconduct and the School Board's failure to vote in public session deprives them of any immunity rights.

## CONCLUSION

The Plaintiff/Appellant, Lilly never violated any rule, regulation or law prior to him being removed from the Board, the Defendant/Appellee, Schaubert and a majority of the Board with malice and forethought knew that the removal hearing

was premature and formed a conclusion to remove Plaintiff/Appellant, Lilly prior to holding the hearing.  Therefore, Plaintiff/Appellant, Lilly was denied his procedural due process rights.  The Second Circuit Court of Appeals was not aware of the pre-hearing activities of Defendant/Appellee, Schaubert and the majority of the Board when that Court decided that the Board actions were objectionally reasonable.  Now that this Court has additional facts, e-mails and letters to and from Defendant/Appellee, Schaubert, Affidavits of Godshall, Sherman and Palumbo, audio recording of Defendant/Appellee, Schaubert, information regarding Plan A and Plan B; that Defendant/Appellee, Schaubert was not given a Certificate of Good Faith by the Commissioner of Education, that the removal hearing was a foregone conclusion and that no vote was taken by the School Board, this Court should grant this appeal of the Plaintiff/Appellant, Lilly and return this case for trial at the District Court level.

Dated:        August 20, 2014
              Buffalo, New York


                              Respectfully submitted,

                              s/Richard H. Wyssling
                              Richard H. Wyssling, Esq.
                              Attorney for Plaintiff-Appellant
                              375 Linwood Avenue
                              Buffalo, New York 14209
                              (716) 882-2244
                              wyssmont@wzrd.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in <u>14-Point Times New Roman</u> proportional font and contains 8284 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

Dated:      August 20, 2014
            Buffalo, New York

                              Respectfully submitted,

                              <u>s/Richard H. Wyssling</u>
                              Richard H. Wyssling, Esq.
                              Attorney for Plaintiff-Appellant
                              375 Linwood Avenue
                              Buffalo, New York 14209
                              (716) 882-2244
                              wyssmont@wzrd.com

# Special Appendix

i

**SPECIAL APPENDIX**
**TABLE OF CONTENTS**

|  | Page |
|---|---|
| Decision and Order of the Honorable William M. Skretny, dated March 31, 2014, Appealed From ... | SPA-1 |
| Judgment, dated March 31, 2014, Appealed From .... | SPA-8 |

SPA-1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD LILLY,

               Plaintiff,

v.

                          **DECISION AND ORDER**
                                10-CV-548S

LEWISTON-PORTER CENTRAL SCHOOL
DISTRICT, and DAVID SCHAUBERT,

               Defendants.

      1.     On June 30, 2007, Edward Lilly was removed from his seat on the Lewiston-Porter Central School District Board of Education for failing to complete required training. On appeal, the New York State Commissioner of Education found that Lilly had been prematurely removed because he had until July 2, 2007 – the date when his first year of his term as a school board member expired – to complete the training. The Commissioner thus reinstated Lilly.

      Lilly alleges here that the removal violated his civil rights and brings suit under 42 U.S.C. § 1983.[1]

      2.     After this Court's ruling on Defendants' motion to dismiss, (see Docket No. 33), the remaining claims were premised on what this Court liberally characterized as "entrapment." This Court found that, if Lilly could show that Defendant David Schaubert, president of the school board, "personally interfered with Plaintiff's attempt to register for the required training before the deadline, thereby entrapping Plaintiff into violating the

---

[1] For a full recitation of the facts and procedural history, see Docket Nos. 19 (Report and Recommendation), 33 (Decision and Order), and 58 (Report and Recommendation).


training requirement," it would indicate that "the misconduct charges brought by Defendant Schaubert against Plaintiff were, from the beginning, unnecessary, trumped-up, and tainted." (Decision and Order, at 13). Thus, based on allegations of interference and entrapment, this Court found that Lilly had stated a due process violation and a First Amendment retaliation claim against Schaubert.[2]

  3.  Now Schaubert moves for summary judgment. In a nearly identical case brought by Scott Stepien, a board member who was removed with Lilly for the same reason, the Second Circuit determined, after "conduct[ing] an independent and de novo review of the record" that neither

> (1) the Board's decision that Stepien's failure to obtain training required by state law, despite numerous notices of the requirement and of the way to obtain the training, constituted "official misconduct" warranting removal, nor (2) its conclusion that it was appropriate to bring the charge when only a few days remained in Stepien's term, given that no training sessions were scheduled during those days, was objectively unreasonable.

<u>Stepien v. Schaubert</u>, 424 F. App'x 46, 48 (2d Cir. 2011) (citation omitted).[3]

  4.  The Second Circuit thus affirmed the dismissal of Stepien's claim on grounds that the School Board was protected by qualified immunity. This decision was issued before, and discussed in, this Court's own decision on Defendants' motion to dismiss in this case.

---

  [2] The School District was retained as a defendant because it "ha[d] not argued that it cannot be held liable for the conduct of . . . Schaubert on a respondeat superior theory of liability." (Decision and Order, at 25 n. 10.) For sake of efficiency and clarity, this Court will refer only to Defendant Schaubert throughout this Decision.

  [3] This case also originated in this District, but was assigned to a different magistrate and district judge.

    5.    On February 12, 2014, Magistrate Judge Leslie G. Foschio issued a Report and Recommendation advising this Court to grant Defendants' motion for summary judgment, citing Stepien as binding precedent. Judge Foschio believes that the Second Circuit *concluded* that the failure to timely complete the training constitutes "official misconduct" and, since that would be proper cause for Lilly's removal, Judge Foschio recommends dismissal of Lilly's claims on this ground. (R&R at 8–9.) But this Court reads the Second Circuit's decision more narrowly: it did not necessarily find that Stepien (and by extension, Lilly) committed "official misconduct," it only found that the *Board's conclusion* to that effect *was not objectively unreasonable*. Lilly's claim here, not explicitly addressed in Stepien, is that Schaubert interfered with Lilly's ability to complete the training, rendering Schaubert's actions objectively unreasonable.

    6.    Because this Court disagrees with Judge Foschio as to the import of the Second Circuit's decision in Stepien, this case cannot be dismissed on the ground that Lilly's failure to register for the training was, by application of vertical stare decisis, necessarily "official misconduct."[4] Rather, as alluded to above, the issue is properly framed by the following question: Did Schaubert unreasonably interfere with Lilly's attempts to complete the training? If he did (or if there is adequate evidence from which a jury could draw a reasonable inference that he did) he may not be protected by qualified immunity

---

    [4]"With vertical stare decisis, the decisions of an appellate court, i.e., a circuit court of appeals or the Supreme Court, will have preclusive effect on subsequent decisions made by lower courts." Panayoty v. Annucci, 898 F. Supp. 2d 469, 479 (N.D.N.Y. 2012); see also United States v. Duvall, 740 F.3d 604, 609 (D.C. Cir. 2013) (Kavanaugh, J., concurring in the denial of rehearing en banc) (citing U.S. Const. art. III, § 1) ("Vertical stare decisis is absolute and requires lower courts to follow applicable Supreme Court [and appellate court] rulings in every case.").

and summary judgment in his favor would be inappropriate. This Court, having already analyzed the impact of the Second Circuit's decision in Stepien, has already concluded that Lilly has stated such a claim.  Now, in the face of a motion for summary judgment, Lilly must provide evidence supporting it. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)) (modifications omitted) ("To defeat a motion [for summary judgment], 'there must be evidence on which the jury could reasonably find for the non-movant.'").

7.      In this, Lilly has failed. Over the course of several pages in his opposition to the motion for summary judgment, Lilly haphazardly recounts assorted evidence, primarily in the form of emails sent to and from Schaubert. But while that evidence may leave the impression that Schaubert wanted Lilly removed from the school board, there is clear lack of evidence suggesting that Schaubert purposefully interfered with Lilly's ability to register for the required training. In fact, the evidence suggests that Lilly knew of the impending deadline (which Schaubert had no control over) but chose not to comply with it. (As the Second Circuit found in Stepien, there were "numerous notices of the requirement and of the way to obtain the training." 424 F. App'x at 48.)

8.      The primary evidence that Lilly has identified to support his charge that Schaubert interfered with his attempt to register is an email in which Schaubert asks the Superintendent of BOCES to do no "favors" for Lilly and Stepien. (See Docket No. 44-24.)

But as an initial matter, the Second Circuit had that evidence – the email –  before

4

it in the Stepien case[5] (it "conducted an independent and de novo review of the record") and, despite it, the Circuit granted qualified immunity to the members school board, Schaubert included. The email alone, quite clearly then, cannot be relied on to support a theory that Schaubert's actions were objectively unreasonable.

Second, this email – simply asking that "no favors" be done – does not suggest that Schaubert interfered with Lilly.

Finally, Dr. Clark Godshall, the recipient of the email, "ignored that portion of the e-mail referencing 'don't do them any favors'" and "did not do anything to prevent or discourage Mr. Lilly from taking the financial training class." (Godshall Decl., ¶ 2.) Lilly even confirmed at his deposition that Dr. Godshall did nothing to prevent or discourage him from taking the class.

9.    Lilly also asserts in his deposition that Debbie Sherman, the school district's clerk, told him that she had been directed by Schaubert "not to assist Lilly or Stepien in registering for any fiscal training class." But in response to Schaubert's summary judgment motion, Lilly does not highlight any evidence that substantiates this claim. He does not, for instance, attach an affidavit from Sherman. Indeed, this supposed statement is not even mentioned in Lilly's opposition brief or in his objections to Judge Foschio's Report and Recommendation. Instead, the only evidence is to the contrary. At the June 30, 2007 hearing, Sherman testified under oath with questioning from Lilly. Lilly asked Sherman if anyone asked her to prevent him and Stepien from enrolling in the training. Sherman responded, "No." (Ex. G. at 95; Docket No. 44-8.)

---

[5]Stepien cited the email in at least one submission to the district court.

SPA-6

10.    In short, there is simply insufficient competent evidence on which a reasonable jury could rely to find in Lilly's favor.  See Anderson, 477 U.S. at 248. And, without evidence supporting Lilly's entrapment or interference theory, Schaubert, as the Second Circuit found in Stepien, is entitled to qualified immunity and dismissal of the remaining claims. See Stepien, 424 F. App'x at 48; Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)) ("Public officials enjoy qualified immunity from suit for damages under 42 U.S.C. § 1983 for acts undertaken in their official capacity, unless their conduct violates clearly established constitutional rights of which an objectively reasonable official would have known.").[6]

---

[6]Even if the principles of vertical stare decisis do not apply to Stepien because the opinion is "unpublished," it remains highly persuasive.

SPA-7

****

IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 58) is set aside to the extent it premises dismissal on the ground that failing to register for the training is necessarily "official misconduct."

FURTHER, Defendants' Motion for Summary Judgment (Docket No. 44) is GRANTED.

FURTHER, the Clerk of Court shall close this case.

SO ORDERED.

Dated:   March 31, 2014
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

7

SPA-8

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court
## WESTERN DISTRICT OF NEW YORK

EDWARD LILLY

     v.

LEWISTON-PORTER CENTRAL
SCHOOL DISTRICT, et al.,

**JUDGMENT IN A CIVIL CASE**
CASE NUMBER: 10-CV-548S

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have
been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues
have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED: that the Report and Recommendation is set aside
to the extent it premises dismissal on the ground that failing to register for the training is
necessarily "official misconduct" and that Defendants' Motion for Summary Judgment is
Granted.

Date: March 31, 2014

MICHAEL J. ROEMER, CLERK

By: s/Suzanne Grunzweig
    Deputy Clerk